| | |
|---|---|
| Dennis F. Moss (SBN 77512)<br>Ari E. Moss (SBN 238579)<br>**MOSS BOLLINGER LLP**<br>15300 Ventura Blvd., Suite 207<br>Sherman Oaks, California 91403<br>Telephone: (310) 982-2984<br>Facsimile: (310) 861-0389<br>dennis@mossbollinger.com<br>ari@mossbollinger.com<br><br>Attorneys for Plaintiffs<br>ISIDRO PEREZ and ISMAEL LEON SANCHEZ | **SEYFARTH SHAW LLP**<br>Kristina M. Launey (SBN 221335)<br>klauney@seyfarth.com<br>Julie G. Yap (SBN 243450)<br>jyap@seyfarth.com<br>Michael W. Kopp (SBN 206385)<br>mkopp@seyfarth.com<br>400 Capitol Mall, Suite 2350<br>Sacramento, CA 95814-4428<br>Telephone: (916) 448-0159<br>Facsimile: (916) 558-4839<br><br>**SEYFARTH SHAW LLP**<br>Duwayne A. Carr (SBN 299136)<br>dacarr@seyfarth.com<br>333 S. Hope Street, Suite 3900<br>Los Angeles, California 90071<br>Telephone: (213) 270-9600<br>Facsimile: (213) 270-9601<br><br>Attorneys for Defendants<br>WINCO FOODS, LLC, a Delaware limited liability company, and WINCO HOLDINGS, NC., an Idaho corporation |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO PEREZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>WINCO FOODS, LLC, a Delaware limited liability company, WINCO HOLDINGS, INC., an Idaho corporation, and DOES 1-100,<br><br>        Defendant. | CASE NO: 1-17-cv-01279-DAD-SKO<br><br>**STIPULATION AND ORDER FOR PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**<br><br>(Doc. 8)<br><br>Action Filed: August 10, 2017<br>Date of Removal: September 25, 2017 |

| | |
|---|---|
| 1 | **STIPULATION** |
| 2 | Plaintiffs Isidro Perez ("Perez") and Ismael Leon Sanchez ("Sanchez") (collectively |
| 3 | "Plaintiffs"), and Defendants WinCo Foods, LLC, and WinCo Holdings, Inc. (collectively, |
| 4 | "Defendants"), by and through their respective undersigned counsel, hereby stipulate, agree, and |
| 5 | jointly request that the Court issue an order as follows: |
| 6 | WHEREAS, Plaintiff Perez filed this putative class action in California Superior Court for |
| 7 | the County of Stanislaus on August 10, 2017; |
| 8 | WHEREAS, Plaintiff filed a First Amended Complaint to add Sanchez as a Plaintiff and to |
| 9 | add a claim for unpaid vacation pay on September 22, 2017; |
| 10 | WHEREAS, Defendants filed a Notice of Removal to federal court on September 25, 2017; |
| 11 | WHEREAS, counsel for Defendants advised Plaintiffs' counsel of a prior class action |
| 12 | settlement in *Brummell v. WinCo Foods, LLC*, Stanislaus County Superior Court Case No. |
| 13 | 2010497, that resulted in a settlement that released the claims alleged in this case for the period |
| 14 | ending on May 18, 2015; |
| 15 | WHEREAS, counsel for Defendants advised Plaintiffs' counsel that Plaintiff Perez |
| 16 | participated in the *Brummell* settlement and that his employment by Defendant terminated before |
| 17 | the end of the *Brummell* class period, effectively precluding his individual claims in this case; |
| 18 | WHEREAS, counsel for Defendants advised Plaintiffs' counsel that Plaintiff Sanchez's |
| 19 | employment was covered by a collective bargaining agreement ("CBA") and provided a copy of |
| 20 | the relevant portions of the CBA showing that Plaintiff Sanchez was precluded from receiving |
| 21 | accrued but unused vacation pay upon his termination, and that any claim by him for unpaid |
| 22 | vacation pay had to have been grieved through the CBA's grievance and arbitration procedures, |
| 23 | effectively precluding his and similar situated employee's claims for unpaid vacation pay; |
| 24 | WHEREAS, Plaintiff Perez and his counsel hereby agree to amend the complaint to |
| 25 | voluntarily dismiss Perez's individual claims; |
| 26 | WHEREAS, Plaintiff Sanchez and his counsel hereby agree to amend the complaint to |
| 27 | dismiss his individual claim for unpaid vacation pay with prejudice and the putative class claims |
| 28 | for vacation pay without prejudice; |

| | |
|---|---|
| 1 | WHEREAS, Plaintiff Sanchez and his counsel have agreed to amend the complaint to limit the class period for his claims for unpaid minimum wages, rest break violations and unreimbursed business expenses for which he seeks to represent a class of similarly situated current and former employees of Defendant to the period after the end of the *Brummell* class period, May 19, 2015 through the present; |

WHEREAS, Plaintiff Sanchez and his counsel have agreed to amend the complaint to limit the class period for his claims for unpaid minimum wages, rest break violations and unreimbursed business expenses for which he seeks to represent a class of similarly situated current and former employees of Defendant to the period after the end of the *Brummell* class period, May 19, 2015 through the present;

WHEREAS, under Federal Rule of Civil Procedure 41(a)(1), Plaintiffs are entitled to voluntarily dismiss their claims subject to the provisions of Rule 23(e) and any statute of the United States, without order of the court at any time before service by the adverse party of an answer or of a motion for summary judgment; or all parties may so stipulate;

WHEREAS, no defendant has answered or otherwise responded to Plaintiffs' complaint and no defendant has filed a motion for summary judgment;

WHEREAS, this case involves putative class claims;

WHEREAS, the putative class has not been certified and Plaintiffs have not filed a motion for class certification;

WHEREAS, Federal Rules of Civil Procedure, Rule 23(e) does not preclude the dismissal of Plaintiff Perez, the dismissal of Plaintiffs' claim for unpaid vacation pay on behalf of the putative class, or the proposed amendment to the complaint to limit the liability period of the remaining claims;

WHEREAS, no prejudice to absent putative class members will result from dismissal of this action, because a class has not been certified and the dismissal will not affect their rights;

WHEREAS, none of the absent putative class members would be bound because the dismissal of the unpaid vacation pay claim is without prejudice; and

WHEREAS, no notice need be sent to absent putative class members, because a class has not been certified, the case is in its infancy, the case has not been widely publicized and no absent putative class member will be bound by the voluntary dismissal of Plaintiffs' claims.

///

///

- 2 -
STIPULATION FOR PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT; ORDER

**THE PARTIES HEREBY STIPULATE AND AGREE THAT:**

1. Plaintiff Sanchez shall file, within 10 days of entry of the Order granting this Stipulation, the Second Amended Complaint, attached hereto as Exhibit A;

2. Defendant may file a responsive pleading or answer within the time permitted under the Rules.

IT IS SO STIPULATED AND AGREED.


Dated: October 20, 2017                    SEYFARTH SHAW, LLP



By: /s/ Julie G. Yap
    Julie G. Yap
Counsel for Defendants
WINCO FOODS, LLC
and WINCO HOLDINGS, INC.


Dated: October 20, 2017                    MOSS BOLLINGER, LLP



By: /s/Jeremy F. Bollinger
    (as authorized on October 20, 2017)
    Jeremy F. Bollinger
Counsel for Plaintiffs
ISIDRO PEREZ and ISMAEL LEON SANCHEZ


**ORDER**

Based on the parties' above-stipulation (Doc. 8) and good cause appearing, IT IS HEREBY ORDERED that Plaintiff shall file his Second Amended Complaint, a copy of which was filed with the Court (*see* Doc. 9), within 10 calendar days of the date this Order is filed. Defendant may file a responsive pleading or answer within the time permitted under the Rules.

IT IS SO ORDERED.

Dated: **October 23, 2017**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE